UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THOMAS OSCAR CADY,

               Plaintiff,

    v.

KATIE WILSON, et al.,

               Defendants.

CASE NO. 2:26-CV-1576-BHS-DWC

ORDER DECLINING SERVICE

Plaintiff Thomas Oscar Cady, proceeding *pro se* and *in forma pauperis*, filed this civil rights action under 42 U.S.C. § 1983. Dkt. 4, 5. Having reviewed and screened Plaintiff's complaint under 28 U.S.C. § 1915A, the Court declines to direct service and, instead, provides Plaintiff the opportunity to cure the deficiencies identified herein by filing an amended pleading on or before **July 23, 2026**.

## I.    Background

Plaintiff, an inmate currently confined at Washington State Penitentiary, initiated this action concerning conditions of confinement and medical treatment allegedly received while he was a pretrial detainee at King County Jail ("KCJ"). Dkt. 5 at 1, 3.

ORDER DECLINING SERVICE - 1

Plaintiff organizes his complaint into three counts. Count I alleges excessive force and deliberate indifference to serious medical needs arising from events that allegedly occurred at KCJ. *Id.* at 4–7. Count II alleges deliberate indifference to serious medical needs based on medical treatment Plaintiff received at Harborview Medical Center following the events at KCJ. *Id.* at 8–9.  Finally, in count III, Plaintiff alleges further deliberate indifference to serious medical needs after he returned from Harborview Medical Center to KCJ. *Id.* at 9–10.

The complaint identifies different defendants in different sections of the pleading, including the caption of the complaint, the defendant information section, and the heading of each count for relief. *Id.* at 1, 3, 4, 8, 9. Further inconsistencies in defendants appear between those identified in these three locations of the complaint and those discussed in the factual narrative for each count. *Id.* at 1–10.

As relief, Plaintiff seeks damages and an order requiring surgery on his back. *Id*. at 11.

## II.    Screening Standard

Under the Prison Litigation Reform Act of 1996, the Court must screen proposed complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. §1915(e)(2)(B); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Dismissal on these grounds constitutes a "strike" under 28 U.S.C. § 1915(g).

The Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, a complaint must contain "a short and plain statement of the claim

ORDER DECLINING SERVICE - 2

showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d). Even *pro se* pleadings must raise the right to relief beyond the speculative level and must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A plaintiff must set forth specific, plausible facts to support their claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–83 (2009).

**III.    Discussion**

Having reviewed the complaint, the Court finds several deficiencies that must be cured before Plaintiff may proceed. In particular, Plaintiff has failed to clearly and consistently identify the defendants he seeks to sue throughout the complaint. In addition, to the extent the Court can discern the defendants Plaintiff intends to sue, Plaintiff appears to have named several defendants that are not proper defendants in this § 1983 action.

**A.    Unclear Defendant Identification**

First, Plaintiff has not clearly and consistently identified the defendants he intends to sue in this action. Throughout the complaint, Plaintiff identifies different defendants in different sections of the pleading, making it difficult to determine which claims are asserted against which defendants.

For example, in count I, Plaintiff alleges that the City of Seattle is liable for the conduct at issue and expressly states that the claim is brought against the City of Seattle. Dkt. 5 at 4. However, Plaintiff identifies Mayor Katie Wilson, rather than the City of Seattle, in the caption and defendant-information portion of the complaint. *Id.* at 1, 3. Similarly, Plaintiff identifies Jail Health Services and various nurses in the caption of the complaint and appears to assert claims

ORDER DECLINING SERVICE - 3

against those defendants in count III, but those defendants are not consistently identified elsewhere in the complaint. *Id.* at 1, 9. Plaintiff likewise identifies three Harborview Medical Center doctors in the caption, defendant-information section, and heading of count II, but the factual allegations supporting that count refer generally to a single doctor and do not distinguish among the conduct of three separate physicians. *Id.* at 1, 3, 8–9.

Thus, in its current form, the complaint does not clearly identify which defendants Plaintiff intends to sue or which claims are asserted against each defendant. Rule 8 requires a complaint to provide sufficient notice of the claims asserted and the parties against whom those claims are brought. *See McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (Fed. R. Civ. P. 8 requires "sufficient allegations to put defendants fairly on notice of the claims against them"). Plaintiff must therefore clearly identify each defendant he seeks to sue and must consistently identify those defendants throughout the amended complaint.

**B.      Improper Defendants**

Next, to the extent the Court can discern the defendants Plaintiff intends to sue, several of the identified defendants appear to be improper defendants for a § 1983 action.

First, to the extent Plaintiff seeks to sue the health services division operating within KCJ, Plaintiff has not identified a legal entity capable of being sued for his claims involving King County entities. "In a legal action involving a county, the county itself is the only legal entity capable of suing and being sued." *See Nolan v. Snohomish County*, 59 Wn. App. 876, 883, 802 P.2d 792 (1990)). As a result, only the primary municipality, county, or local government unit (in this case, King County) may be sued in this § 1983 action and other county entities must be excluded from any amended pleadings.

ORDER DECLINING SERVICE - 4

Second, Plaintiff names Seattle Mayor Katie Wilson as a defendant but alleges no facts demonstrating her personal participation in any of the events described in the complaint. Dkt. 5 at 1, 3. Thus, it appears Plaintiff may be attempting to sue Defendant Wilson in her official capacity. However, an official-capacity claim is treated as a claim against the governmental entity itself rather than against an individual government official. *See Doe v. Lawrence Livermore Nat. Lab'y*, 131 F.3d 836, 839 (9th Cir. 1997) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). Because of this, it is not "necessary or proper to name as a defendant a particular local government officer acting in official capacity." *Luke v. Abbott,* 954 F. Supp. 202, 204 (C.D. Cal. 1997) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). Indeed, a plaintiff "cannot elect" to name government official rather than the governmental unit for his § 1983 claims. *Id.* Accordingly, if Plaintiff intends to pursue claims against the City of Seattle, he must omit claims against improper government officials and, instead, clearly identify the government entity he seeks to sue and allege facts sufficient to support such a claim.

Third, Plaintiff appears to assert claims against Harborview Medical Center and alleges that Harborview Medical Center is an entity of the State of Washington. Dkt. 5 at 8. If Harborview Medical Center is a state entity as Plaintiff alleges, it would not be a "person" subject to suit under § 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will*, 491 U.S. at 71. Thus, Plaintiff must exclude states and state entities as defendants in any amended pleading.

Finally, the Court notes that the complaint contains additional pleading deficiencies beyond those discussed above. For example, several of Plaintiff's allegations are asserted collectively against groups of individuals without clearly identifying the conduct attributable to a defendant individually. However, because Plaintiff has not clearly and consistently identified the

ORDER DECLINING SERVICE - 5

defendants he intends to sue in this action and included improper defendants, he has failed to state a claim upon which relief may be granted and must cure these defects before proceeding in this action.

**IV.    Instruction to Plaintiff and the Clerk**

Due to the deficiencies described above, the Court will not serve Plaintiff's complaint. If Plaintiff intends to pursue this § 1983 civil rights action, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Each claim for relief must be simple, concise, and direct.

In any amended pleading, Plaintiff must clearly identify each defendant he seeks to sue and the claims asserted against those defendants. Plaintiff must consistently identify the defendants throughout the amended complaint and clearly indicate which factual allegations and causes of action are asserted against each defendant.

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for any previously filed complaint, and not as a supplement.

The Court will screen the amended complaint to determine whether Plaintiff has cured the identified deficiencies according to these instructions. If Plaintiff fails to file an amended

ORDER DECLINING SERVICE - 6

complaint or fails to adequately address the issues raised herein on or before **July 23, 2026**, the undersigned will recommend dismissal of this action.

The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service. The Clerk is also directed to send copies of this Order and Pro Se Instruction Sheet to Plaintiff.

Dated this 23rd day of June, 2026.

David W. Christel
United States Magistrate Judge

ORDER DECLINING SERVICE - 7